Stewart v. Bank.

                                No. 23,335.

      CATHERINE STEWART, *Appellee*, v. THE FARMERS STATE BANK,
                                *Appellant*.

                          SYLLABUS BY THE COURT.

1. THRASHING OUTFIT—*Evidence of Ownership—Finding*. The testimony
   justified the finding that the plaintiff was the owner of the thrashing out-
   fit involved herein.
2. CHATTEL MORTGAGE—*Refusal of Tender of Payment—Liability for Dam-
   ages*. The holder of a chattel mortgage having refused the tender of the
   plaintiff to pay its note and mortgage in full, and having sold the mort-
   gaged property, thereby became liable to her for at least the difference
   between the value of the mortgaged property and its debt.
3. SAME—*Instructions Not Misleading*. The instructions taken together, held
   not to have misled or misdirected the jury.

      Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion
filed December 10, 1921. Affirmed.

      *L. C. Uhl*, and *L. C. Uhl, jr.*, both of Smith Center, for the appellant;
*A. W. Relihan*, and *T. D. Relihan*, both of Smith Center, of counsel.
      *F. W. Mahin*, of Smith Center, and *W. E. Mahin*, of Osborne, for the
appellee.

The opinion of the court was delivered by

WEST, J.:  Catherine Stewart sued the bank, alleging that on
October 17, 1919, she was the owner of a thrashing outfit, and on
that date had executed to the defendant a mortgage on the property
to secure a thousand dollars; that on June 21, 1920, the property
having been advertised for sale under the mortgage, one of her at-
torneys offered to pay the indebtedness, which was refused and the
property sold; that the amount due was $1,067.22; that the prop-
erty was worth $2,500; and she asked damages for the difference,
$1,432.78, with interest. The answer denied ownership, and claimed
that the transaction was with the plaintiff's husband and not with
her, and denied tender. The court instructed that a joint maker of
a note and chattel mortgage has a right to pay the note and be sub-
rogated to the rights of the mortgagee, and in this case the plaintiff
had a right to pay the note and stop the sale of the property under
a chattel mortgage; also that if the jury believed that the plaintiff
was the owner of the property and offered to pay the amount due,
but that the bank went ahead and sold the property without her
consent for less than its reasonable market value, she would be
entitled to recover the difference between what the property sold for

and such market value. The jury returned a verdict for $550. A motion for new trial was overruled and the defendant appeals, alleging error in instructions and denial of a new trial.

It seems to be claimed by the bank that the husband of the plaintiff was the owner of the property and had sued the seller to rescind and recover back the purchase price because of a breach of warranty, and that this action was pending when the sale under the mortgage was had. The plaintiff, however, testified that she purchased the thrashing outfit, and paid $1,250 in cash of her own money. She told where she got it, and stated that the thousand-dollar note was given to secure the balance of the purchase price.

The testimony was clear to the effect that before the sale one of her attorneys offered the bank a check for the full amount due, which was refused, not because it was not legal tender but because advised not to accept the money even if offered.

Considerable is said in the briefs about the question whether or not title passed by chattel mortgage, about the rights of the parties thereof upon foreclosure, and about the pendency of the suit of plaintiff's husband; but it is held that as between the bank and the plaintiff all the former was entitled to was the amount due, and that amount was substantially tendered and refused.

Fault is found because in instruction No. 12 the court charged that—

"If you believe from the evidence in this case that the plaintiff was the owner of the property described in her petition or that she offered to pay the amount due defendant upon the note and mortgage . . . and that said property was sold for less than its reasonable market value, plaintiff would be entitled to recover from defendant the difference between the price at which said property was sold and its reasonable market value at said time and place, if any."

Doubtless, the court should have used the word "and" instead of "or" but in view of her undisputed testimony that she was the owner of the property it can hardly be possible that this use of the disjunctive instead of the conjunctive can have misled the jury.

Counsel contend that in this instruction the jury were practically charged that the plaintiff was entitled to recover regardless of her alleged ownership. But they were expressly told that if they believed she was not the owner and did not offer to pay the note and mortgage she could not recover. Here, again, the conjunctive was improperly used; but no serious harm appears to have resulted to the defendant. Indeed, the plaintiff might well complain that she

was not permitted to recover the difference between the debt and the price the property sold for instead of only the difference between the price it sold for and its value. But she does not complain of this and the defendant cannot; hence, the error in this respect, if any, must be deemed harmless.

It appears that the plaintiff's husband, who had abandoned her, had sued the man from whom he bought the machine to rescind and recover back the purchase price, and had for some undisclosed reason made the bank a party, and for this reason the tender was refused. But this was no reason why the wife could not pay her debt and gain possession of the mortgaged property. There is evidence that the seller urged the bank not to accept the tender because it would not enable him to "get even"—whatever that meant. But at any rate no sufficient cause for refusal so far as the wife is concerned is shown.

The judgment is affirmed.